UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID D.,

                            Plaintiff,

v.                                                              CASE # 1:21-cv-00182

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
_____

APPEARANCES:                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC          KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                            KELLY LAGA-SCIANDRA, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                      JEREMY A. LINDEN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, and this matter is REMANDED for further administrative proceedings consistent with this order.

I.      **RELEVANT BACKGROUND**

   A.      **Factual Background**

   Plaintiff was born on December 29, 1998 and has less than a high school education. (Tr. 171, 176). Generally, plaintiff's alleged disability consists of status post gunshot wound to the head and grand mal seizures. (Tr. 175).

   B.      **Procedural History**

   On September 5, 2018, plaintiff applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. (Tr. 146). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge (ALJ). On March 3, 2020, plaintiff appeared via video teleconference before ALJ David F. Neumann. (Tr. 32-57). On April 23, 2020, ALJ Neumann issued an unfavorable decision finding plaintiff not disabled under the Social Security Act. (Tr. 12-27). On December 1, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

   C.      **The ALJ's Decision**

   Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

   1. The claimant has not engaged in substantial gainful activity since September 5, 2018, the application date (20 CFR 416.971 et seq.).

   2. The claimant has the following severe impairments: anxiety disorder; major depressive disorder; status post traumatic brain injury; seizure disorder; asthma; chronic obstructive pulmonary disease; and obesity (20 CFR 416.920(c)).

   3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except he: is limited to simple, routine, repetitive work at an SVP of 1 or 2; can lift and/or carry 25 pounds frequently and 50 pounds occasionally; is limited to occasional interaction with the public; can stand and/or walk for six hours and sit for six hours during the course of an eight-hour workday; can have no more than occasional changes in the work setting can push and pull with the upper and lower extremities within the aforementioned weight restrictions; must avoid unprotected heights, dangerous machinery, and climbing ladders, ropes, or scaffolds; cannot do production rate or pace work; and must avoid concentrated pollutants and temperature extremes.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on December 29, 1998 and was 19 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 5, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 12-27)

## II.     THE PARTIES' BRIEFINGS

### A.     Plaintiff's Arguments

Plaintiff argues the ALJ's mental RFC determination was inconsistent with the medical opinion of Dr. Stephen Farmer which he found persuasive, and the ALJ failed to provide reasons for excluding greater limitations. (Dkt. No. 7 [Plaintiff's Memo of Law]).

**B.      Defendant's Arguments**

In response, defendant broadly argues the that the mental RFC is supported by substantial evidence. Specifically, defendant asserts that the ALJ did not find Dr. Farmer's opinion fully persuasive and that the greater limitations were not supported by the record. (Dkt. No. 9 at 13 [Defendant's Memo of Law]).

**III.      RELEVANT LEGAL STANDARD**

**A.      Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.    ANALYSIS

Plaintiff argues the RFC does not reflect mental limitations which are supported by substantial evidence. (Dkt. No. 7). Specifically, plaintiff raises issue with how the ALJ considered the opinion of consultative examiner Dr. Stephen Farmer, the sole examining physician opinion. In December 2018, Dr. Farmer examined plaintiff and observed that he exhibited mild expressive language word-finding difficulties and mild receptive language difficulties; a somewhat flat affect and apathetic mood; impaired attention and concentration and slow processing speed; and impaired memory skills and could only recall 1/3 objects after a delay. (Tr. 341-42). Based on his examination, Dr. Farmer determined that plaintiff's difficulties are caused by cognitive deficits, depressive symptoms and anxiety symptoms. (Tr. 342). He further stated his results appear to be consistent with psychiatric and cognitive problems and that they may significantly interfere with plaintiff's ability to function on a daily basis. Dr. Farmer opined there was no evidence of limitation with understanding, remembering, or applying simple directions and instructions; mild to moderate limitation understanding, remembering, or applying complex directions and instructions, using reason and judgment to make work-related decisions; mild limitation interacting adequately with supervisors, coworkers, and the public; mild limitation regulating emotions, controlling behavior and maintaining well-being, having an awareness of normal hazards and taking appropriate precautions; and moderate to marked limitation sustaining concentration and performing a task at a consistent pace. (Tr. 342). The ALJ found Dr. Farmer's assessment persuasive but cryptically added "to the limited extent consistent with the findings herein" (Tr. 24). ALJ Neumann concluded his analysis:

> Dr. Farmer's opinion suggests a somewhat higher degree of restriction than supported by the substantial evidence of record, including the claimant's lack of specialized psychiatric treatment and medical records typically reflecting adequate mentation and behavior, as discussed previously. Nonetheless, Dr. Farmer's assessment is fairly consistent with the

record in overall indicating the claimant is not so profoundly limited from a mental standpoint as to preclude the performance of even basic mental work-related activities. (Tr. 25).

Indeed, the RFC does not need to mirror a medical opinion but rather must consider the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). However, under the revised regulations, when an opinion is found persuasive the ALJ must incorporate the limitations or explain why they were excluded. *See Jimmie E. v. Comm'r of Soc. Sec.*, 2021 WL 2493337, *5 (W.D.N.Y. June 18, 2021) (remanding, under the new regulations, where "the ALJ did not include any of [the consulting examiner's] limitations in the RFC determination despite concluding the areas of limitation identified by Dr. Jonas were persuasive"); *Jami S. v. Comm'r of Soc. Sec.*, 2021 WL 614634, *3 (W.D.N.Y. Feb. 17, 2021) ("[W]hen an ALJ adopts only portions of a medical opinion, he must explain why he rejected the remaining portions"). In this case, the ALJ found the opinion of Dr. Farmer persuasive but neither discussed the moderate and marked mental limitations nor incorporated them into the RFC. The ALJ was obligated to explain what parts he accepted, what parts he rejected, and why. The ALJ's failure to do so here does not allow this Court to review what he decided and therefore to evaluate whether he was correct. *Jessica P. v. Comm'r of Soc. Sec.*, 2022 WL 2160234, *4 (W.D.N.Y. June 15, 2022).

Defendant responds that the ALJ did not find Dr. Farmer's opinion "fully persuasive" and therefore did not have to account for all the limitations. (Dkt. No. 9 at 12). The regulations do not identify quantifying terms or degrees of persuasiveness but discuss an opinion being deemed persuasive or not persuasive. See 20 C.F.R. § 404.1520c (2017). The ALJ plainly stated he found the opinion persuasive and acknowledged that plaintiff would have functional limitations. (Tr. 20-25). While he proffered the circular rationale of it being persuasive to the "extent consistent with the findings herein" the ALJ failed to identify which portions of Dr. Farmer's opinion he credited,

and which portions he rejected and did not otherwise explain how the evidence of record he cited either supported or undermined Dr. Farmer's opinion of moderate to marked limitations. Because the ALJ failed to specify which portions of Dr. Farmer's opinion he intended to incorporate into his RFC determination, other than "to the limited extent consistent with the findings herein", or to explain his reasons for rejecting any of the remaining portions, the Court cannot engage in a meaningful review of his determination. Remand is therefore appropriate. *See generally Gorny v. Comm'r of Soc, Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018).

Defendant attempts to explain the ALJ's reasoning regarding his assessment of opinion evidence, but post hoc rationalization is improper. While defendant cited to evidence in support of their argument, none of these evidentiary items were offered by the ALJ. (Dkt. No. 9 at 13, Tr. 24-25). *See Altman v. Berryhill*, 2017 WL 5634731, at *5 (W.D.N.Y. Nov, 7, 2017), report and recommendation adopted, 2017 WL 5629964 (W.D.N.Y. Nov, 22, 2017) (*quoting Otis v. Social Security Administration*, 2013 WL 2422627, at *12 (D. Vt. June 23, 2013) ("'[A] court may not speculate as to the reasoning of an ALJ and must not engage in a post hoc effort to supplement that reasoning.'").

Additionally, the Court notes that the ALJ's brief analysis references plaintiff's lack of specialized psychiatric treatment to undermine Dr. Farmer's opinion. However, Dr. Farmer's opinion indicated that the plaintiff's limitations were attributed to not just depressive and anxiety symptoms, but also cognitive deficits from a traumatic brain injury[1]. (Tr. 342). As such, Dr. Farmer recommended a neuropsychological assessment to rule out a mild neurocognitive disorder and suggested plaintiff would benefit from vocational training and rehabilitation where he could learn skills that were consistent with his level of cognitive functioning. (Tr. 343). Accordingly, the

---

[1] The ALJ found the impairment of status post traumatic brain injury to be severe. (Tr. 17)

ALJ's reliance on just plaintiff's psychiatric treatment was inappropriate considering the severe impairment of traumatic brain injury and related cognitive disorder affecting his mental abilities. (Tr. 17).

While an ALJ's procedural error may be found harmless if "a searching review of the record assures us that the substance of the [regulation] was not traversed," a review of the record in this case does not assure the Court that the substance of the regulations was not traversed. *Loucks v. Kijakazi*, No. 21-CV-1749, 2022 WL 2189293, at *2 (2d. Cir. June 17, 2022) (*citing Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)) (internal quotations omitted). It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning, but Dr. Farmer's opinion was for moderate to marked limitations. Because the ALJ failed to provide an explanation for not incorporating the moderate to marked limitations expressed by Dr. Farmer in sustaining concentration and performing a task at a consistent pace, his decision was not based on substantial evidence. Accordingly, remand is warranted on this issue.

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: January 9, 2024
Rochester, New York

*J. Gregory Wehrman*
HON. J. Gregory Wehrman
United States Magistrate Judge